```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PRECISION STONE, INC.,

                    Plaintiff,           04 Civ. 9996 (RWS)

      -against-                          MEMORANDUM
                                         OPINION & ORDER
ARCH INSURANCE COMPANY and
LUMBERMENS MUTUAL CASUALTY CO.,

                    Defendants.
------------------------------------X
```

Sweet, D.J.

Plaintiff Precision Stone, Inc. ("Precision" or "Plaintiff") has moved under Fed. R. Civ. P. 52(b) to amend the Court's findings of fact and conclusions of law set forth in its Opinion of February 1, 2007 (the "Opinion"), which entered judgment in favor of Precision against Defendants Arch Insurance Company and Lumbermens Mutual Casualty Company (collectively, "Defendants").

For the reasons stated below, Plaintiff's motion will be granted in part and denied in part.

**Facts**

The operative facts of the case are recounted in the

1

[Court's prior] Opinion, familiarity with which is assumed.

## Standard

The standard governing consideration of a motion for an amendment of findings of fact under Fed. R. Civ. P. 52(b) mirrors the standard governing motions for reconsideration under Local Rule 6.3. See Wechsler v. Hunt Health Systems, Ltd., 2004 WL 2210261, at *2 (S.D.N.Y. Sep. 30, 2004) (citing 4200 Ave. K LLC v. Fishman, 2001 U.S. Dist. LEXIS 5938, at *2 (S.D.N.Y. May 10, 2001)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

## No Data Was Overlooked in the Court's Calculation of Damages

Precision has argued that the Court, in reaching its findings of fact in the Opinion, "included an inadvertent debit of $42,054.00," which comprised the payments to third-party Berardi Stone ("Berardi") for its overtime expenses in laying paving stones, and the one dollar per square foot price difference between Precision's quote and the amount paid to Berardi for laying the

2

stones. The Court, however, considered Precision's arguments for the exclusion of these debits and rejected them in the Opinion, finding that the entire amount paid to Berardi should be credited to Defendants. Plaintiff has identified no manifest error of fact or law in the Court's Opinion with regard to the calculation of damages.

### Pre-Judgment Interest Shall Be Granted

Precision has also asserted that the Court erred in failing to award pre-judgment interest on the amount due. "In the event of payment, the amount recoverable from a surety shall not exceed the amount specified in the undertaking except that interest in addition to this amount shall be awarded from the time of default by the surety." N.Y. Gen. Oblig. Law § 7-301 (2007) (emphasis added). In action for a breach of a payment bond, pre-judgment interest is mandatory. See United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 78 (2d Cir. 2004). Pre-judgment interest "shall be computed from the earliest ascertainable date the cause of action existed . . . ." N.Y. C.P.L.R. 5001(b) (McKinney 2007).

Defendants have maintained that the granting of pre-judgment interest is at the Court's discretion. Defendants' argument is premised upon the notion that Precision's claim sounds in quantum meruit. Instead, Plaintiff alleged -- and the Court

3

found -- that Defendants breached their duty under their surety agreement. Accordingly, Defendants' arguments on this point are unavailing.

While Plaintiff did not extensively argue the issue of pre-judgment interest in its post-trial memorandum, it did include in at least three places a demand for such interest. (See Pl.'s Post-Trial Mem. at 1, 2, 17). Plaintiff is thus entitled to pre-judgment interest on the judgment described in the Court's Opinion of February 1, 2007 from the date of Defendants' default.

Plaintiff has asserted that Defendants' default occurred no later than January 1, 2004. Defendants claimed in their opposition that they did not receive notice of a claim upon the bond until December 24, 2004, which Precision has not disputed. Thus, interest shall run from December 24, 2004. The interest rate shall be nine percent per annum. N.Y. C.P.L.R. 5001(b) (McKinney 2007); Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co., 2007 U.S. Dist. LEXIS 32640, at *26 (S.D.N.Y. May 2, 2007).

It is so ordered.

**New York, NY**
June 22, 2007

ROBERT W. SWEET
U.S.D.J.